**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| T. William Short,   ) | No. CV-10-8237-PHX-GMS |
| ) | |
| Plaintiff,   ) | **ORDER** |
| ) | |
| vs.   ) | |
| ) | |
| ) | |
| County of Apache et al.,   ) | |
| ) | |
| Defendants.   ) | |
| ) | |
| _____) | |

Pending before the Court is Plaintiff T. William Short's Motion for Reconsideration. (Doc. 47). For the reasons stated below, the motion is denied.

**BACKGROUND**

The facts in this matter are put forth in the Court's Order of February 14th dismissing the case. (Doc. 42). Plaintiff filed a Motion for Reconsideration of the Order dismissing the case on March 13, 2012. (Doc. 47).

**DISCUSSION**

**I.   Legal Standard**

Motions for reconsideration are disfavored and are not the place for parties to make new arguments not raised in their original briefs and arguments. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988). Under Rule 59(e), a motion for reconsideration may be granted only on one of four grounds, "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the

1 moving party presents newly discovered or previously unavailable evidence; 3) the motion
2 is necessary to prevent manifest injustice or 4) there is an intervening change in controlling
3 law." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003)
4 (internal quotations and emphasis omitted). Motions for reconsideration are disfavored and
5 are not the place for parties to make new arguments not raised in their original briefs and
6 arguments. *See Northwest*, 841 F.2d at 925–26. Nor should such motions ask the Court to
7 "rethink what the court has already thought through–rightly or wrongly." *See United States*
8 *v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (quoting *Above the Belt, Inc. v. Mel*
9 *Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

10 **II.     Analysis**

11 Plaintiff makes no new arguments in his motion, but instead continues to assert that
12 the state trial court lacked jurisdiction to hear the complaint that Noble Mountain Community
13 Association filed against him. (Doc. 47 at 1). As the Court noted in its original order, this
14 issue was raised, litigated, and appealed in state court, and a federal court does not have
15 jurisdiction to second-guess state court decisions of state law. Contrary to his statement that
16 the state courts "refused to consider the challenge to jurisdiction," they considered his
17 arguments and found them without merit. *See Noble Mountain Community Ass'n v. Short*,
18 06-CA-CV-552, 2008 WL 2752346, at *8 (Ariz. App. 2008) ("We find that Cheryl Short and
19 Jason Bluth appeared in the action in the trial court and that the trial court therefore had
20 jurisdiction over each of them."). Plaintiff's further contentions—that judicial immunity is
21 not available to the state court judge and that the original judgment against him is
22 void—were likewise raised previously and found to be without merit. (Doc. 42). Plaintiff has
23 provided no grounds under Ninth Circuit law suggesting that the earlier order should be
24 reconsidered.
25 / / /
26 / / /
27 / / /
28

- 2 -

1 **IT IS THEREFORE ORDERED** Plaintiff's Motion for Reconsideration (Doc. 47) is **denied**. This case shall remain closed.

DATED this 22nd day of March, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge